# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**KENYON MESSIAH POLLOCK**                                                          **PETITIONER**

**v.**                                                                              **No. 3:19-cv-881-BJB**

**JAMES GREEN**                                                                     **RESPONDENT**

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

      Back in 2010, Kenyon Pollock pled guilty in state court to murder and tampering with physical evidence. The Circuit Judge in Jefferson County sentenced him to 50 years' imprisonment and $130 in court costs. Judgment and Conviction (DN 19-2) at 2. The Kentucky Supreme Court affirmed the conviction on direct appeal, but remanded the imposition of costs for the trial court to consider Pollock's indigency status. *See Pollock v. Commonwealth*, No. 2010-sc-502, 2012 WL 1899667 (Ky. May 24, 2012). Pollock did not file a petition for a writ of certiorari during the time afforded him. Nearly a year later, Pollock filed a state habeas petition to vacate his sentence under Kentucky Rule of Criminal Procedure 11.42. DN 27-1 at 15–81 (May 14, 2013). The trial court denied the motion, the Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review in October 2018. *Pollock v. Commonwealth*, No. 2017-ca-354, 2018 WL 2078014 (Ky. Ct. App. May 4, 2018), *review denied*, No. 2018-sc-256 (Ky. Oct. 25, 2018).

      Undaunted, in December 2018, Pollock filed a federal habeas petition under 28 U.S.C. § 2254 asserting several grounds for relief from his state sentence. DN 1. The Court referred the case to Magistrate Judge Lanny King to prepare a report and recommendation. DN 26. His report concluded that Pollock's federal habeas petition was untimely under the statute of limitations provided in § 2244(d), and recommended the Court dismiss the petition as time barred. DN 30. Pollock filed a sparse objection (DN 34).[1] Because Judge King's analysis of the petition's timeliness is correct, the Court denies the objection and dismisses the petition.

---

    [1] Pollock timely objected to the report and recommendation. DN 34. His objection, however, basically restates his underlying complaints about the effectiveness of his counsel during his 2010 trial and guilty plea. *Id.* at 1. Other than a single sentence explaining that "Petitioner is a laymen to the law and has a difficult time working on his case due to mental health issues, transfers, and unforeseen institutional lockdowns," the objection contains no specific discussion at all of Judge King's report and recommendation. *Id.* at 2. Even considering his pro se status, courts may treat such generalized objections as a failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Cline v. Myers*, 495 F. App'x 578, 580 (6th Cir. 2012). And when a petitioner fails to object, the

1

I.

Section 2244 gives prisoners one year to exhaust state post-conviction remedies and file their petitions in federal court. § 2244(d)(1). That period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The period is paused, however, for the "time during which a properly filed application for State post-conviction … review … is pending." § 2244(d)(2).

The Kentucky Supreme Court affirmed Pollock's conviction and sentence on May 24, 2012. *See Pollock*, 2012 WL 1899667. And although the Supreme Court remanded the trial court's imposition of court costs for further consideration, its affirmance of his sentence and conviction is what counts for the purpose of determining the finality of a sentence. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (The judgment that matters for purposes of § 2244 is "the judgment authorizing the prisoner's confinement."); *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) ("The sentence that matters in a habeas case … is the one 'pursuant to' which an individual is held 'in custody.'" (quotation omitted)); *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609–610 (6th Cir. 2013) (declining to restart the limitations period where the court modified a sentence to remedy a technical error but did not disturb the judgment); § 2244(d)(1)(A) (referring to "the date on which the *judgment* became final" (emphasis added)).[2] The clock doesn't start running for another 90 days, to give defendants time to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13.3; *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016) ("[T]he conclusion of direct review" occurs 90 days after the "Kentucky Supreme Court issue[s] its opinion and order affirming [a petitioner's] conviction."). So under Sixth Circuit precedent, Pollock's conviction became final on August 22, 2012—ninety days after the Kentucky Supreme Court affirmed Pollock's conviction and sentence.

265 days of untolled time passed. Then, on May 14, 2013, the clock on the 1-year statute of limitations paused because Pollock filed a state habeas motion under

---

Court need not perform an independent review of a magistrate judge's report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Nevertheless, given Pollock's self-representation, the Court has reviewed Magistrate Judge King's report and recommendation and found no error.

[2] The Commonwealth takes the position that the limitations period didn't run while the state trial court considered the indigency issue on remand. MTD (DN 19) at 4. But as the R&R correctly recognized, this incidental proceeding to correct a technical error following the Kentucky Supreme Court's affirmance of the conviction and sentence didn't delay the finality of Pollock's sentence beyond the point when Pollock could've petitioned for U.S. Supreme Court review. R&R at 3 & n.4. Regardless, the period of time in question—90 days—is not enough to render Pollock's eventual filing timely even if the law did exclude it.

2

Kentucky Rule of Criminal Procedure 11.42.[3] *See* § 2244(d)(2). The trial court denied the motion, and the Kentucky Court of Appeals affirmed on May 4, 2018. *Pollock*, 2018 WL 2078014. The Kentucky Supreme Court, without comment, denied discretionary review on October 25, 2018. *See* 2018-sc-256. And the tolling period ended that day: "§ 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari" after a state supreme court denies state habeas relief. *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007).

The remaining 100 days of the 1-year statute of limitations ran out on February 2, 2019. But Pollock did not file this federal habeas petition until December 2, 2019, which is 10 months too late. DN 1. As Judge King's report explained, Pollock implicitly requests equitable tolling with references to "multiple issues with his health," including "mental health breakdowns" and a "fall" while in prison that affected his ability to walk. Response (DN 24) at 2. But Pollock did not allege that his health issues occurred on or before the expiration of the statute of limitations, or that they continued to December 2, 2019, when he filed his petition. So Judge King recommended against equitably tolling the statute of limitations. R&R at 4–5.

A court may equitably toll the § 2244(d) statute of limitations if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted). But the Sixth Circuit has explained that "equitable tolling is used sparingly by federal courts," and that the petitioner seeking its benefit "bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Pollock is not entitled to equitable tolling. Pollock first argues that if his petition is late the Court should toll the time for filing because he misunderstood the timeline provided by statute. *See* Response at 2 ("Petitioner truly believes that he was within his time as he read and understood the statu[t]e."). But the Sixth Circuit has made clear that ignorance of the law, including on limitations periods, does not entitle untimely petitioners to equitable tolling. *See Ata v. Scutt*, 662 F.3d 736, 743

---

[3] Magistrate Judge King's report and recommendation finds that Pollock filed his Rule 11.42 motion on May 16, 2013, which is the date stamped by the Jefferson Circuit Court clerk on Pollock's motion for leave to proceed in forma pauperis and motion for the appointment of counsel. *See* DN 19-5 at 1; DN 27-1 at 1. But Pollock signed his 11.42 motion on May 14, 2013, "under penalty of perjury," swearing that he mailed the petition to the Jefferson County clerk on May 14. DN 27-1 at 81–82. The Sixth Circuit has extended the prisoner mailbox rule to habeas petitions, and considers a petition filed when it is mailed or "delivered to the proper prison authorities for forwarding to the district court." *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Pollock filed his Rule 11.42 motion on May 14, 2013, which means the two-day mailbox period makes no difference. Whether Pollock filed his petition 305 or 307 days *after the 365-day limitation period ended* doesn't matter.

n.7 (6th Cir. 2011) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quotation omitted)); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001) ("[Petitioner's] ignorance about filing a § 2255 motion did not toll the limitations period.").

Next, Pollock makes arguments based on alleged physical and mental-health issues he has experienced while incarcerated. But this excuse also fails. Pollock has not provided sufficient information by which the Court could corroborate his alleged physical and "mental health breakdowns." Response at 2. Mental incompetence or incapacity may provide a basis for equitable tolling. *See Ata*, 662 F.3d at 742. To obtain the benefit of equitable tolling, however, a petitioner must demonstrate: "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Id.* A "blanket assertion of mental incompetence is insufficient." *Id.* Rather, a court must both "determine if the factual allegations are sufficient to support equitable tolling" and also "review the state court record in order to establish whether petitioner's assertions are refuted by the record or otherwise without merit." *Id.*

Here, Pollock provides no documentation or specific information regarding his alleged incompetence or how it allegedly caused his failure to comply with the statute of limitations. Pollock does not include any records or evidence of treatment, any detailed account of his mental health status after his direct appeal, or any information from his custodian or fellow prisoners corroborating his allegations. *Contra Ata*, 662 F.3d at 743–45 (petitioner entitled to a hearing on mental competence after providing court with documentation that referred to petitioner's history of mental illness, hospitalizations, and diagnoses); *Hunter v. Ferrell*, 587 F.3d 1304, 1309 (11th Cir. 2009) (finding petitioner's allegations that "mental retardation prevented him from understanding his rights and obligations under the AEDPA and acting upon them in a timely fashion" plausible when corroborated by pretrial medical evaluation indicating mental incapacity).

Instead, in response to the Warden's motion to dismiss on timeliness grounds, Pollock simply mentions "multiple mental health breakdowns," as well as physical impairments, in a conclusory fashion and without noting their timing during his incarceration. Response at 2. His complaints amount to nothing more than "blanket assertion of mental incompetence," which the Sixth Circuit has deemed insufficient. *Ata*, 662 F.3d at 742. Nor does Pollock argue that his alleged incompetence *caused* his delay in filing. In theory he might show that he diligently pursued his rights, only for his mental breakdowns to interrupt those efforts. *See McSwain v. Davis*, 287 F. App'x 450, 456–57 (6th Cir. 2008) (allegation of causal link required). But he didn't provide any plausible allegation of causation. Because Pollock fails to meet either of *Ata*'s prongs, he hasn't demonstrated an entitlement to equitable tolling of the period leading up to his untimely filing.

4

## II.

Before Pollock may appeal the Court's judgment, he must obtain certificate of appealability ("COA"). 28 U.S.C. § 2253. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Magistrate Judge King explained, "no jurists of reason would find it debatable that the petition was filed past the applicable 1-year period." R&R at 5. So a COA is unwarranted and the Court will not grant one.

## ORDER

The Court overrules Pollock's Objection (DN 34), adopts Magistrate Judge King's report and recommendation (DN 30), dismisses Pollock's § 2254 petition as untimely, and denies a certificate of appealability.

Benjamin Beaton, District Judge
United States District Court

March 14, 2022

5